# Supreme Court of Florida

_____

No. SC15-711

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF JUVENILE
PROCEDURE 8.150.**

[February 11, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

the Florida Rules of Juvenile Procedure.  We have jurisdiction.  See art. V, § 2(a),

Fla. Const.

## BACKGROUND

The Juvenile Court Rules Committee (Committee) filed an out-of-cycle

report proposing amendments to Rule of Juvenile Procedure 8.150 (Contempt).

The Committee states that the proposed amendments conform the rule to changes

to section 985.037, Florida Statutes, which addresses punishment for contempt of

court in delinquency proceedings, made by chapter 2014-162, Laws of Florida.

The proposed amendments also make additional substantive changes to the rule

beyond the scope of the statutory changes.  The Committee and The Florida Bar

Board of Governors unanimously approved the proposals. Both the Committee and the Court published the proposals for comment. No comments were received by the Committee or filed with the Court. Upon consideration, we adopt the amendments as proposed by the Committee and as described below.

**AMENDMENTS**

Florida Rule of Juvenile Procedure 8.150 governs contempt in juvenile delinquency proceedings. New subdivision (a) (Contempt of Court): (1) provides that the court may punish a child for contempt "for interfering with the court or court administration, or for violating any order of the court"; (2) clarifies that a child under the jurisdiction of the juvenile court may be subject to contempt "even upon reaching the age of majority"; and (3) provides that a child who has been sentenced to secure detention for contempt may have the placement reviewed by motion of any party to the proceedings. Renumbered subdivision (b) (Direct Contempt), previously subdivision (a), is amended to state that a child is entitled to a hearing and appointment of counsel when accused of direct contempt. New subdivision (c)(1) (Indirect Contempt; Legal Counsel) is added. This new subdivision states that a child is entitled to counsel in an indirect contempt hearing and that any waiver of counsel must comply with rule 8.165 (Providing Counsel to Parties). The provisions of current subdivision (c)(5) (Disqualification of the Judge), which addresses disqualification of the judge when the indirect contempt

- 2 -

involves disrespect to or criticism of the judge, are relocated into renumbered subdivision (c)(2) (Order to Show Cause). This subdivision is also amended to require disqualification only when the child files a motion to disqualify, rather than automatically. Renumbered subdivision (c)(3) (Motions; Answer) is amended to clarify the list of options available to a child when answering an indirect contempt charge, and also to delete the requirement for written answers. Renumbered subdivision (c)(4) is retitled as "Detention Before the Hearing" and amended to limit the detention of a child before the contempt hearing to situations in which the court provides a written demonstrated belief that the child will fail to appear. Renumbered subdivision (c)(5) is retitled "Hearing" and lists the child's due process rights in an indirect contempt hearing. Subdivision (c)(7) (Sentence) is amended to require the court to consider all available and appropriate sentences, including alternative sanctions as referenced in the statute. Grammatical and stylistic amendments are also made to several of the subdivisions of the rule.

## CONCLUSION

Accordingly, we amend Florida Rule of Juvenile Procedure 8.150 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

CANADY, J., concurring in part and dissenting in part.

I concur with the rule changes adopted by the majority except for the provision of new subsection (b) establishing in juvenile direct contempt cases "a right to legal counsel and the right to have legal counsel appointed by the court if the child is indigent."

This rule provision adopted by the majority is inconsistent with section 985.037(4), Florida Statutes (2015). The statute provides for legal counsel only in connection with cases of <u>indirect</u> criminal contempt. See § 985.037(4)(b). Moreover, the statute specifically provides that in cases of direct contempt, "the court may impose an authorized sanction immediately"—which will not be possible under this rule provision where the juvenile is not already represented by counsel.

No basis has been shown for this Court to adopt this procedural rule granting a substantive right in derogation of a legislative enactment. I dissent from this improper use of the Court's procedural rulemaking authority.

- 4 -

Original Proceeding – Florida Rules of Juvenile Procedure

Robert William Mason, Chair, Juvenile Court Rules Committee, Jacksonville, Florida; Deborah Anne Schroth, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; John F. Harkness, Jr., Executive Director, and Gregory A. Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

**APPENDIX**

**RULE 8.150.        CONTEMPT**

**(a)     Contempt of Court.** The court may punish any child for contempt under this rule for interfering with the court or court administration, or for violating any order of the court. A child under the jurisdiction of the juvenile court may be subject to contempt under this rule even upon reaching the age of majority. If the child is found in contempt and sentenced to secure detention, on motion by any party the court must review the placement of the child to determine whether it is appropriate for the child to remain detained.

**(~~a~~b)   Direct Contempt.** After a hearing, a contempt may be punished ~~summarily~~immediately if the court saw or heard the conduct constituting the contempt that was committed in the actual presence of the court. ~~The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based~~The child has a right to legal counsel and the right to have legal counsel appointed by the court if the child is indigent. The court must inform the child as to the basis for the contempt by reciting the facts on which the contempt is based. ~~Prior to~~Before the adjudication of guilt the court ~~shall~~must ~~inform the person accused of the accusation and~~ inquire as to whether there is any cause to show why ~~he or she~~the child should not be adjudged guilty of contempt by the court and sentenced therefor. The ~~accused~~child ~~shall~~must be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment ~~shall~~must be signed by the court and entered of record. Sentence ~~shall~~must be pronounced in open court.

**(~~b~~c)   Indirect Contempt.** An indirect contempt may be prosecuted in the following manner:

**(1)     Legal Counsel.** Counsel must be appointed for all contempt hearings if the child qualifies for such appointment, or the child has the right to retain counsel, unless the child waives counsel in writing as required by rule 8.165.

**(1~~2~~)   Order to Show Cause.** ~~The court on its own motion or upo~~On affidavit of any person having personal knowledge of the facts, the court may issue and sign an order ~~directed to the one accused of contempt, stating~~to show cause. The order must state the essential facts constituting the contempt charged and ~~requiring~~require the ~~accused~~child to appear before the court to show cause why ~~he or she~~the child should not be held in contempt of court. If the contempt charged involves disrespect to or criticism of a judge, on motion by the child, the judge

- 6 -

must be disqualified by the chief judge of the circuit. The order ~~shall~~must specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the ~~one accused~~child. It ~~shall~~must be served in the same manner as a summons. Nothing herein shall be construed to prevent the ~~one accused of contempt~~child from waiving the service of process.

(~~2~~3) **Motions; Answer.** The ~~accused, personally or by counsel,~~ child may move to dismiss the order to show cause, move for a statement of particulars, admit to the offense, or ~~answer such order by way of explanation or defense. All motions and the answers shall be in writing unless specified otherwise by the court. The accused's omission to file a motion or answer shall not be deemed an admission of guilt of the contempt charged~~enter a denial and request a hearing.

(~~3~~4) ~~Order of Arrest; Bail~~**Detention Before the Hearing.** The court may ~~issue an order of arrest of the one accused of contempt~~only detain the child before the contempt hearing solely on the contempt proceeding if the court ~~has~~provides clear and convincing reasons in writing ~~to believe~~demonstrating the court's belief that the ~~accused~~child will ~~not~~fail to appear in response to the order to show cause. ~~The accused shall be admitted to bail in the manner provided by law in criminal cases.~~

(~~4~~5) ~~Arraignment;~~ **Hearing.** ~~The accused may be arraigned at the hearing, or prior thereto upon request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The court may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his or her own defense. All issues of law and fact shall be determined the court.~~The judge may conduct a hearing without assistance of counsel or may be assisted in the prosecution of the contempt by the state attorney or by an attorney appointed for that purpose. At the hearing, the child has the following rights:

(A) The right to be represented by legal counsel.

(B) The right to testify in the child's own defense.

(C) The right to confront witnesses.

(D) The right to subpoena and present witnesses.

- 7 -

(E)     The right to have the hearing recorded and a copy of such recording.

(F)     The right to have a transcript of the proceeding.

(G)     The right to appeal.

~~(5)     **Disqualification of the Judge.** If the contempt charged involves disrespect to or criticism of a judge, the judge shall be disqualified by the chief judge of the circuit.~~

**(6)     Verdict; Judgment.** At the conclusion of the hearing the court ~~shall~~must sign ~~and enter of record~~ a judgment of guilty or not guilty. ~~There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the accused has been found and adjudicated guilty~~If the court finds the child guilty, the judgment should include a recital of the facts that constituted the contempt.

**(7)     Sentence.** ~~Prior to~~Before the pronouncement of sentence the court ~~shall~~must inform the ~~accused~~child of the accusation and judgment against him or her and inquire as to whether there is any cause to show why sentence should not be pronounced. The ~~accused~~child ~~shall~~must be afforded the opportunity to present evidence of mitigating circumstances. The court must consider all available and appropriate sentences, including alternative sanctions. The ~~sentence~~court ~~shall~~must ~~be~~ pronounced the sentence in open court and in the presence of the ~~one found guilty of contempt~~child.